IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.          )<br>)<br>WILLIAM ANTHONY MALONE, JR.,  )<br>)<br>Defendant.     )<br>_____ ) | Criminal Action No. 3:22cr182 (RCY) |

## MEMORANDUM OPINION

This matter is before the Court on Defendant William Anthony Malone, Jr.'s Motion to Withdraw Plea ("Motion"). ECF No. 35. The Defendant seeks to withdraw his plea of guilty to Count 1 of the Indictment charging him with of Possession of Firearms and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). *Id.*; *see* Indictment 1, ECF No. 1. For the reasons stated below, the Court will deny the Defendant's Motion.

### I. BACKGROUND

The Defendant was indicted on December 6, 2023, and charged with one count of felon in possession of firearms and ammunition pursuant to 18 U.S.C. § 922(g)(1). Indictment 1, ECF No. 1.[1] The Defendant was arraigned on March 13, 2023.

At the time of his arrest on the instant federal charge, the Defendant had prior state felony convictions for: receipt of stolen property and grand larceny in 2014; possession of drugs in 2016 and in 2021; possession of a firearm as a felon in 2017; non-violent escape from prison in 2017; and failure to appear in 2017. *See* Gov't's Resp. 1, ECF No. 39; Mot. Withdraw Plea 2, ECF No. 35.

---

[1] Specifically, the indictment charged the Defendant with possessing: (1) a Rossi, .357 caliber revolver; (2) a Taurus, Model R462, .357 caliber revolver; and (3) various ammunition, including .357 caliber rounds, that had been shipped and transported in interstate and foreign commerce. Indictment 1.

The Defendant entered a plea of guilty to Count 1 of the indictment on May 15, 2023. The Defendant filed the instant Motion to withdraw that plea of guilty on July 6, 2023. *See* Mot. Withdraw Plea.

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant does not have the absolute right to withdraw his plea of guilty, but instead must establish "a fair and just reason" for withdrawal. *See United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000); *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 593 (E.D. Va. 2004). The Fourth Circuit has defined "fair and just reason" under Rule 11(d)(2)(B) as a reason "that 'essentially challenges . . . the fairness of the . . . proceeding.'" *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). "District courts have discretion to determine whether a defendant has met his burden under the Rule." *Abdelhadi*, 327 F. Supp. 2d at 593; *see also United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) ("The decision to permit the defendant to withdraw a plea is discretionary[.]"). In determining whether a defendant has met their burden, courts typically consider the following six (non-exclusive) factors: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

## III. DISCUSSION

The Defendant "moves the Court to allow him to withdraw his plea based on his legal innocence and counsel's failure before the guilty plea hearing to raise a challenge to the Constitutionality of 18 U.S.C. § 922(g)(1) facially and as applied to" the Defendant. *See* Mot.

Withdraw Plea 20, ECF No. 35; Def.'s Reply 20, ECF No. 40. Supplementing his two principal arguments, the Defendant additionally contends that withdrawal is appropriate because the time between plea and the instant Motion is insignificant, there will be no prejudice to the Government, and that granting the Motion would be an efficient use of the Court's resources. *See* Mot. Withdraw Plea 4–5. The Government argues that the Defendant has not met his burden to justify withdrawal. *See generally* Gov't's Resp. After considering the competing arguments and the factors outlined in *United States v. Moore*, the Court finds that the Defendant has not shown a "fair and just reason" for withdrawal.

**A. Legal Innocence**

"In attempting to withdraw from a guilty plea [based on legal innocence], a defendant is not required to provide conclusive proof of innocence[.]" *United States v. Cline*, 286 F. App'x 817, 821 (4th Cir. 2008). "Instead, [the defendant]'s burden is to credibly assert his legal innocence: that is, to present evidence that (1) has the quality or power of inspiring belief, and (2) tends to defeat the elements in the government's prima facie case or to make out a successful affirmative defense." *Thompson-Riviere*, 561 F.3d at 353 (internal citations and quotation marks omitted).

The Defendant argues that he "offers credible evidence that he is legally innocent of the charge he has pled guilty to"—felon in possession of firearms and ammunition pursuant to 18 U.S.C. § 922(g)(1)—in the form of his argument that § 922(g)(1) is unconstitutional on its face and as applied to him because it violates the Second Amendment as interpreted by the Supreme Court in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, --- U.S. ----, 142 S. Ct. 2111 (2022). *See* Mot. Withdraw Plea 5.

Section 922(g)(1) reads, in relevant part: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1).

The Defendant argues, under *Bruen*'s new text-and-history test,[2] that "§ 922(g)(1) regulates conduct the Second Amendment protects," meaning that § 922(g)(1) is "presumptively unconstitutional under *Bruen*'s plain text standard" and that the Government must "show[] that § 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation." Mot. Withdraw Plea 13, 16; *see also id.* at 9–13; Def.'s Reply 3–20. The Defendant argues that the Government cannot show this allegedly necessary historical consistency, and thus the Defendant argues that he "is legally innocent of the charge in this case and the Court must allow [him] to withdraw his plea." Mot. Withdraw Plea 20.

This Court has already carefully considered and denied each of the *Bruen*-based arguments set forth in the Defendant's Motion. *See United States v. Lane*, No. 3:23cr62, 2023 WL 5663084 (E.D. Va. Aug. 31, 2023).[3] Other courts in this district have persuasively done the same, with similar outcomes. *See, e.g.*, *United States v. Riley*, 635 F. Supp. 3d 411 (E.D. Va. 2022); *United States v. Finney*, No. 2:23cr13, 2023 WL 2696203 (E.D. Va. Mar. 29, 2023). This Court finds no reason to deviate from this prior analysis and instead adopts in full the reasoning previously set

---

[2] *Bruen*'s text-and-history test is as follows:

When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

142 S. Ct. at 2129–30.

[3] In *Lane*, this Court held that the Fourth Circuit's pre-*Bruen* precedents upholding § 922(g)(1)'s constitutionality remain good law and require rejection of any argument that an indictment pursuant to § 922(g)(1) violates the Second Amendment. *See Lane*, 2023 WL 5663084, at *4–7. Alternatively, this Court held that *Bruen* reaffirmed the Supreme Court's instruction that "the people" whose conduct the Second Amendment protects includes only "law-abiding citizens" and not felons like the Defendant here. *See id.* at *8–13.

forth in its Memorandum Opinion in *United States v. Lane*.[4] Accordingly, the Court finds that the Defendant has not met his burden to credibly assert his legal innocence in this case. This factor thus heavily weighs against granting the instant Motion.

**B. Close Assistance of Competent Counsel**

The Defendant argues that counsel's failure to raise a *Bruen*-based Second Amendment challenge to § 922(g)(1) before the Defendant entered his guilty plea constitutes ineffective assistance of counsel. *See* Mot. Withdraw Plea 4–5, 20. It appears to the Court that this is (primarily, at least) an argument to withdraw his plea due to a lack of "close assistance of competent counsel," *Moore*, 931 F.2d at 248, as opposed to a free-standing Sixth Amendment ineffective assistance of counsel claim.[5]

---

[4] The Defendant here argues that he is legally innocent because § 922(g)(1) is unconstitutional both facially and as applied to him. But the Defendant, as did the defendant in *Lane*, makes the same argument for both his facial and his as-applied challenges: § 922(g)(1) facially criminalizes possessing a firearm or ammunition as a felon. And the statute applies to the Defendant because he was a felon possessing a gun or ammunition (in this case, multiple firearms and ammunition). Because the Defendant argues both challenges in the same way (and does so by making the same arguments that the defendant made in *Lane*), the Court here can dispose of both challenges by relying on *Lane*'s single and complete *Bruen* analysis. *See Lane*, 2023 WL 5663084, at *4–13.

[5] At one point, the Defendant suggests that counsel's failure to raise a pre-plea Second Amendment challenge may have "violate[d] counsel's duty to uphold the client's Sixth Amendment right to effective assistance of counsel." Mot. Withdraw Plea 4. But in other places, the Motion frames this argument as going to *Moore*'s "close assistance of competent counsel" factor. *See id.* at 2, 5.

To the extent that the Defendant seeks to make a Sixth Amendment ineffective assistance of counsel claim, it seems to the Court that this Motion is not the proper procedural vehicle to raise such a claim. Rather, "[t]o allow for adequate development of the record, a defendant must bring his ineffective assistance claims in a 28 U.S.C. § 2255 (2012) motion." *United States v. Bangura*, 765 F. App'x 928, 932 (4th Cir. 2019). "An exception" to this rule "exists, however, where the record conclusively shows ineffective assistance." *Id.* (internal quotations omitted).

Even if the Court were to construe the Defendant's argument as a Sixth Amendment ineffective assistance of counsel claim and were to consider such argument at this stage, the Court could not find for the Defendant on that claim. To succeed on a Sixth Amendment claim of ineffective assistance, a defendant must show (1) that trial counsel's performance was constitutionally deficient and (2) that such deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the prejudice prong (even ignoring the threshold deficient performance prong), a defendant must demonstrate "that there is a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To translate that to the posture in this case, to satisfy the prejudice prong, the Defendant would have to show that had defense counsel raised the *Bruen* challenge in a motion to dismiss before the Defendant entered the plea of guilty, the Court would have granted that motion, or the Defendant otherwise would have chosen to not enter the guilty plea. But for the reasons this Court explained in *United States v. Lane*, the *Bruen* challenge would not have succeeded. *See Lane*, 2023 WL 5663084, at *4–13. And nowhere in his Motion does the Defendant suggest that he would have entered a plea of not guilty if the Court had considered and denied a pre-plea *Bruen* motion to dismiss. Put simply, the Defendant has

To meet their burden on this factor, "[a] defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that, in the absence of counsel's errors, it was reasonably probable the defendant would not have pled guilty and would have proceeded to trial." *United States v. Cline*, 286 F. App'x 817, 822 (4th Cir. 2008).

In *United States v. Cline*, the Fourth Circuit dealt with an appeal of a defendant who sought to withdraw their guilty plea in part on the defendant's assertion that she had not enjoyed "close assistance of competent counsel." *Id.* One of the defendant's contentions on this point was that her counsel had failed to challenge the constitutionality of a statute. *Id.* The Fourth Circuit rejected that specific argument because "the constitutional challenge lacked merit" (as evidenced by the court's analysis of the defendant's legal innocence argument regarding that same statute). *Id.* "Furthermore," the court noted, the defendant's "claims [we]re contradicted by her sworn statements at the Rule 11 hearing, during which she stated she had sufficient time with her attorney to review her case and her plea agreement and was satisfied with his efforts on her behalf." *Id.* (citing *Ubakanma*, 215 F.2d at 425). For those reasons, the Fourth Circuit found that the district court properly found that the "close assistance of competent counsel" factor did not weigh in the defendant's favor.[6] *Id.*

Here, just like in *Cline*, "the constitutional challenge lack[s] merit." *Id.* As the Court has already explained, the Defendant is not legally innocent. *See* discussion *supra* Part III.A. So, even if defense counsel had raised a pre-plea *Bruen* challenge to § 922(g)(1), such a challenge would have failed. *See Lane*, 2023 WL 5663084, at *4–13. Furthermore, just as in *Cline*, the Defendant

---

provided no evidence or argument to the Court about defense counsel's performance in this case to "undermine [the Court's] confidence in the outcome" of proceedings. *See Strickland*, 466 U.S. at 694.

[6] For the sake of completeness, though not relevant here, the *Cline* defendant's other arguments on this point were that her counsel had "never inspected a large number of documents she gave him, and merely reviewed the charges and possible mandatory minimum sentence before convincing Cline to accept the plea agreement." *Id.* The Fourth Circuit rejected this argument because "Cline provided no evidence to support [those] allegations." *Id.*

stated during his plea colloquy, under oath, that he was satisfied with counsel's representation of him and that he had had adequate time to review his case and his plea agreement with counsel. *See, e.g.*, Guilty Plea Mins., ECF No. 31; Gov't's Resp. 5. So, those sworn statements "contradict" the Defendant's present argument that he did not enjoy "close assistance of competent counsel." *See Cline*, 286 F. App'x at 822; *see also United States v Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity[.]'" (first two alterations in original)). Under a straightforward application of *Cline*, the Court finds that this factor weighs against the Defendant here.

### C. Remaining *Moore* Factors

Having found that the two factors on which the Defendant primarily rests his Motion to Withdraw support denying the Motion, the Court further finds that the remaining *Moore* factors do not counsel a different result.

First, the Defendant does not claim that his plea was not knowing or voluntary. Gov't's Resp. 4. *See generally* Mot. Withdraw Plea. This factor thus weighs against withdrawal.

Next, the Defendant argues that the seven-week delay between his plea and his filing of the instant Motion is insignificant. *See* Mot. Withdraw Plea 5. The Government argues that this delay is not insignificant. *See* Gov't's Resp. 4. Fourth Circuit caselaw exists to support either side's argument on this factor. *Compare United States v. Bowman*, 348 F.3d 408, 415–16 (4th Cir. 2003) (holding that a three-month delay was "not too long" such that the third *Moore* factor "slightly favored [the defendant]'s cause"), *with Moore*, 931 F.2d at 248 (finding that a six-week delay was a "long delay[]"), *and United States v. Gaines*, No. 21-4195, 2023 WL 5745367, at *2 (4th Cir. Sept. 6, 2023) ("We have found that a six-week delay weighs against a defendant seeking to withdraw his plea."). The Court finds that this factor does not significantly move the needle in either direction.

The Defendant next argues that withdrawal will not prejudice the Government "because the facts the government would present at a trial are straight-forward and almost entirely captured on body-worn camera and testimony at the suppression hearing in this case for preservation." Mot. Withdraw Plea 5; *see also* Def.'s Reply 2. The Government's only real response to this is that some prejudice is inherent to granting any motion to withdraw a guilty plea. *See* Gov't's Rep. 29–30. Not moved by this response, the Court agrees with the Defendant here and finds that this factor is "not an obstacle to withdrawal as the government has not indicated that any of its evidence is now stale or would be unavailable at the time of trial." *Abdelhadi*, 327 F. Supp. 2d at 597.

Finally, the Defendant argues that it is an efficient use of judicial resources to allow him to withdraw the plea because "addressing th[e *Bruen*] issue now will be far more convenient to the Court than addressing this issue on a habeas petition at a later time for counsel's failure to raise this issue before the plea." Mot. Withdraw Plea 5. But the Court has addressed the *Bruen* issue and the issue of counsel's effectiveness now. "[A] reopening of the plea would . . . be[] futile" and waste judicial resources because, as demonstrated, "[t]here [i]s no substance to [the Defendant]'s claims." *Moore*, 931 F.2d at 249. The Defendant's *Bruen* argument is meritless. *See Lane*, 2023 WL 5663084, at *4–13. And for that reason, there was no lack of "close assistance of competent counsel" or ineffective assistance in this case because the Defendant has not shown that there would be any difference in outcome had counsel had raised the (losing) *Bruen* argument pre-plea. *See* discussion *supra* Part III.B; *supra* n.5. "It would be pointless, perhaps even unjust, to allow [the Defendant] to relitigate." *Moore*, 931 F.2d at 249. The Court thus agrees with the Government that allowing the Defendant to withdraw his guilty plea in this case would waste judicial resources. This factor accordingly weighs against the Defendant.

**D. Summation of *Moore* Factors**

To recap (using *Moore*'s numbering): (1) the Defendant does not suggest that his plea was

not knowing or not voluntary; (2) the Defendant has not credibly asserted legal innocence; (4) the Defendant has had close assistance of competent counsel; and (6) permitting withdrawal would inconvenience the Court and waste judicial resources.  These factors weigh heavily against permitting the Defendant to withdraw his plea.  The delay between plea and motion, the third *Moore* factor, does not weigh heavily either in favor or against withdrawal.  Prejudice to the Government would be negligible, so the fifth *Moore* factor weighs in favor of withdrawal.  "But this single factor, which . . . slightly favor[s] [the Defendant]'s cause, is insufficient to justify a withdrawal of his plea" given the four *Moore* "factors weighing heavily against granting the motion."  See *Bowman*, 348 F.3d at 416 (citing *Ubakanma*, 215 F.3d at 425).

Because the first, second, fourth, and sixth *Moore* factors weigh strongly against granting the instant motion, and only the fifth factor weighs in favor, the Court finds that the Defendant has not met his burden of showing a "fair and just reason" for withdrawal of his guilty plea.  See *Ubakanma*, 215 F.3d at 425 (affirming the denial of a motion to withdraw because "[c]ombining the six *Moore* factors, only one . . . weigh[ed] in [the defendant's] favor"); *Abdelhadi*, 327 F. Supp. 2d at 598 (denying a motion to withdraw "because the first, second, and fourth *Moore* factors weighed strongly against withdrawal," and the fact that "the third and fifth factors did not present an obstacle to withdrawal did not compel a different conclusion in light of the strength of the first, second, and fourth factors").

### IV. CONCLUSION

For the reasons detailed above, the Defendant's Motion to Withdraw Plea will be denied.

An appropriate Order shall issue.

/s/ 
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: September 13, 2023